**SECURITIES AND EXCHANGE COMMISSION, Appellee,**

v.

**BANKERS ALLIANCE CORP., et al., Appellees,**

**Michael DAILY, Appellant.**

**No. 02–5177.**

United States Court of Appeals, District of Columbia Circuit.

April 11, 2003.

Before HENDERSON, RANDOLPH, and ROGERS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Consolidated with 02–5185

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment entered March 29, 2002 in favor of appellee Securities and Exchange Commission ("SEC") and

against appellants be affirmed. The district court correctly determined that the investment agreements at issue were "securities" within the meaning of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77b(a)(1), and the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78c(a)(10). *See SEC v. Banner Fund Int'l,* 211 F.3d 602, 614 (D.C.Cir. 2000). Because appellants did not dispute that these securities were unregistered or that appellants made use of interstate transportation, communications and the mails to sell these securities, the district court properly granted summary judgment to the SEC on its claim that appellants violated section 5 of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and properly enjoined appellants from violating that statute. The district court also correctly determined that the false and misleading statements made by appellants in connection with the sale of such securities had been made either knowingly or recklessly. *See SEC v. Steadman,* 967 F.2d 636, 641–42 (D.C.Cir.1992). Thus, the court properly granted summary judgment to the SEC on its claims that appellants violated section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, and properly enjoined appellants from violating that statute and rule.

Pursuant to D.C.Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.